IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California
corporation,

        Plaintiff,               Case No. 03-684-HO

        v.                         ORDER

TAN HUYHN, et al.,

        Defendants.

Plaintiff moves for default judgment against defendant Gary Kuiper, pursuant to Fed.R.Civ.P. 55(b), for entry of a permanent injunction, and for attorney fees and costs. The court previously granted plaintiff's motion for entry of default against Kuiper. See Order dated August 12, 2004.

## Discussion

Upon default, the factual allegations of the complaint are generally taken as true, except the allegations relating to

damages. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9th Cir. 2002). The complaint alleges that Kuiper purchased two or more "pirate access devices," including an "emulator," and an "unlooper," using interstate or foreign wire facilities and the Postal Service or commercial mail carriers. Complaint, ¶ 13. The complaint further alleges defendants (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), and (2) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices in violation of 18 U.S.C. § 2511(1)(a).[1] Complaint at 7-8. Based on these allegations, the court finds Kuiper liable on plaintiff's first and second claims alleging violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

---

[1] Plaintiff withdraws the third claim for violation of 18 U.S.C. § 2512(1)(b).

2 - ORDER

1986). In this case, resolution on the merits is not possible, because Kuiper has not appeared; the allegations of the first and second claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Kuiper's non-appearance; and nothing suggests Kuiper's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations of Section 605(a). 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Kuiper is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605(a), and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for violations of 47 U.S.C. §§ 605(a), and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) may recover statutory damages of not less than $1,000, or more than

$10,000 for each violation as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). In a civil action, the court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so, it must award the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2).

According to plaintiff's witness, the emulator purchased by Kuiper, when connected to a DIRECTV receiver and personal computer connected to a "smartcard" reader/writer with DIRECTV access card inserted, emulates certain functions of the access card, allowing access to all unauthorized DIRECTV programming services and protecting the access card from plaintiff's electronic anti-piracy measures. Sichler Decl., ¶ 32. The "unlooper" is designed to restore functionality to illegally modified DIRECTV access cards disabled by misuse or by DIRECTV's electronic anti-piracy measures. Id., ¶ 30. Plaintiff's witness further states that Kuiper subscribed to DIRECTV's satellite programming on January 18, 2000, at which time Kuiper would have received all the equipment needed to receive DIRECTV's encrypted satellite programming. Id. Plaintiff argues that the purchase of the unlooper indicates that Kuiper owned one or more illegally modified DIRECTV access cards. Plaintiff argues that evidence that Kuiper stopped ordering pay-per-view movies in June, 2001 gives rise to a strong inference that Kuiper pirated DIRECTV from

March, 2001 through at least August, 2003.

Documentary evidence submitted by plaintiff indicates that an account was created for Heidi Kuiper on January 18, 2000, and that 22 pay per view movies were ordered on the account between May 7, 2000 and June 3, 2001. Id. at 6, 18. The evidence also demonstrates that premium programming was ordered and paid for at least through August 21, 2003, notwithstanding plaintiff's contention that Kuiper had free access to all DIRECTV programming since receiving the pirate access devices he ordered on March 7, 2001. Based on the circumstantial evidence presented and the lack of direct evidence that anyone intercepted plaintiff's satellite transmissions without authorization, the court declines to award statutory damages.

The court finds that plaintiff is entitled to an award of reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $3,020.84, and costs in the amount of $233.18. The attorneys' fee request is reasonable, and is allowed. Plaintiff submitted detailed documentation of attorney time expended. Smith Decl., Ex. 1. The award is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively, and $180 for Portland attorney Tarbox, admitted in 1999. The rates are somewhat higher than

average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187, 4-6 years = $165). The higher rates are justified to compensate for inflation, and because plaintiff's attorneys have significant experience litigating the claims at issue. According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf. The court is handling several of these cases, and has observed that the claims are similar in many, if not all of the cases with which the court is familiar.

The cost bill reflects costs expended for the filing fee, process server, messenger service, fax, telephone charges, and photocopying. The costs do not appear unreasonable, and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#88] and motion for attorney fees and costs [#92] relating to defendant Gary Kuiper are granted to the extent provided herein.

Gary Kuiper is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or

endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Gary Kuiper. The judgment shall provide that plaintiff shall take no damages on its claims, and that plaintiff shall recover from Gary Kuiper $233.18 in costs, and $3,020.84 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 13th day of January, 2006.

*Michael R. Hogan*
United States District Judge